

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Apr. 5, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-125

Re: Whether claim for witness
fees earned in 1941 under
facts stated are barred
from payment.

Dear Mr. Sheppard:

Your letter of recent date requesting our opinion relative to the above captioned matter reads as follows:

"In connection with a claim for witness fees filed in this department, the construction of the following language in Article 1036, C.C.P., is involved:

"'All such claims not filed in the office of the Comptroller within twelve (12) months from the date same become due and payable shall be forever barred.'

"The fact situation before us is as follows: A witness from a foreign country was duly served by subpoena issued in 1941 to appear in court in Corpus Christi in 1941. The witness in obedience to said subpoena appeared at court in 1941 but failed to make affidavit and obtain his certificate from the Clerk of the Court at the term in which he appeared. Now, five years later, he appears and makes the affidavit of his services, and the Clerk issues his certificate showing the amount of mileage and per diem the witness is entitled to.

"Is this department authorized to issue warrant in payment of this certificate, same showing the action of the Judge thereon as entered in the minutes of said Court as of this date but relating back to the term of court at which the witness served?

"I shall thank you to advise this department at your earliest convenience as to whether or not limitation has run against this claim."

Article 1036, C.C.P., as amended Acts 1941, 47th Leg., Page 688 (effective June 2, 1941) provides for payment by the State

of witnesses summoned out of the county of his residence in felony cases. Sec. (3) thereof reads, in part, as follows:

"The witness shall make an affidavit stating the number of miles he will have traveled going to and returning from the Court, by the nearest practical conveyance, and the number of days he will have been necessarily absent in going to and returning from the place of trial; which affidavit shall be a part of the certificate issued by the clerk, copy of which is to be kept in a well-bound book."

Sec. (4) reads, in part, as follows:

"The District or Criminal District Judge, when any such claim is presented to him, shall examine the same carefully, and inquire into the correctness thereof, and approve same, in whole or in part, or disapprove the entire claim, as the facts and law may require; and such approval shall be conditioned only upon and subject to the approval of the State Comptroller, as provided for in Article 1035 of the Code of Criminal Procedure; and said claim with the action of the Judge thereon shall be entered on the Minutes of said Court; and upon the approval of said claim by the Judge, the Clerk shall make a certified list of said claim, upon forms prescribed by the Comptroller, furnishing such information as required by him, and send the same to the Comptroller at such times as he may require, for which service the Clerk shall be entitled to a fee of Fifty (50) Cents which shall be paid by the witness."

Sec. (5) reads, in part, as follows:

"The Comptroller, upon receipt of such claim, and the certified list provided for in the foregoing section, shall carefully examine the same, and if he deems said claim correct, and in compliance with and authorized by law in every respect, draw his warrant on the State Treasury for the amount due in favor of the witness entitled to same, * * *. All such claims not filed in the office of the Comptroller within twelve (12) months from the date same become due and payable shall be forever barred.

In order to answer your inquiry we only have to determine when this claim for witness fees became "due and payable."

It is evident that this claim was due and payable either at the time the witness was excused by the Court from further attendance, or at the time the witness made the affidavit, secured his

certificate from the Clerk and the approval of the Trial Judge.

> "The word 'due,' in its ordinary sense, means
> that which is justly owed; that which law or justice
> requires to be paid or done." Words and Phrases,
> Vol. 13, P. 442. Griffith v. Speaks, 63 S.W. 465.

The word "due," considered by itself, has many definitions. Bouvier defines it, in its first and broadest sense, as that which is just and proper, and, in another and less general sense, as "what ought to be paid; what may be demanded." Webster gives its definition, so far as applicable to the matter under consideration, in the following order: "owed, as a debt; that ought to be paid or done to or for another; payable; owing and demandable; suitable."

> "The word 'payable' is a descriptive word, mean-
> ing 'capable of being paid; suitable to be paid; admit-
> ting or demanding payment; justly due; legally enforce-
> able.'"

> Words and Phrases, Vol. 31, P. 458. First Na-
> tional Bank v. Greenville National Bank, 19 S. W. 334,
> 84 Tex. 40, citing Webster's Dictionary.

The services as a witness were fully rendered at the time of discharge. The certificate provided for was merely evidence of the service, which the State required before it would issue its warrant in payment. The witness could not make the affidavit provided for until his discharge as a witness, in that the facts necessary to be sworn to were not ascertainable until that time. At the time of discharge, such witness fees were provable by complying with the requirements of said Article 1036, C.C.P.

That portion of Article 1036, C.C.P., quoted in your letter of inquiry has not been, as far as we are able to determine, construed by the courts. However, in an analogous situation the Court in Staunton v. Provident Life and Accident Insurance Company, 42 N.E. (2d) 687, in construing the word payable as used in a life insurance policy, held that although the insurance company, under the terms of the policy, was not required to pay the insurance money until proof of death had been made, the insurance was payable at the time of the death of the insured. The facts in that case disclose that the insurance was on the life of the husband. He shot his wife and immediately killed himself. His wife survived him by about one hour. The insurance policy contained the following provision:

> "If there be no designated beneficiary surviving
> at the time any benefit shall become payable to the
> beneficiary, then such benefit shall be payable to the

executors or administrators of such employee."

The Court in rendering its decision relative thereto used the following language:

"The defendant claims that the insurance was not 'payable' until proof of death had been made to the company, and, assuming Mr. Stump died first, it would have been impossible for such proof to have been made by Mrs. Stump during the short time she lived after his death, hence when proof was made and the money was 'payable,' there was no 'designated beneficiary surviving' and it was payable to her as administratrix of Mr. Stump's estate. The quoted provision does not have that effect. The life insurance money was 'payable' on the death of the insured, and the right of the beneficiary to it accrued then, although the actual payment of the money would not be made until the insurer was informed and satisfied that the insured was dead. The latter requirement is for the benefit of the insurer."

Upon like reasoning we hold that the claim for witness fees was due and payable in 1941, at the time the witness was excused from further attendance, and that the right of the witness to such fees accrued then, although the warrant would not issue for payment thereof until the witness had furnished to the Comptroller the proper approved certificate satisfying the State that the service had been rendered. This requirement, like the "proof of death," was for the benefit of the payor. Such delayed claim was barred from payment by the State in that it was not filed in the office of the Comptroller within twelve months from the date same became due and payable.

## SUMMARY

A claim for witness fees becomes due and payable at the time the witness is excused by the court from further attendance, and such claim is forever barred from payment unless it is filed in the office of the Comptroller within twelve months from that time. Sec. 5, Art. 1036, C.C.P.

Very truly yours,

APPROVED
APR 5 1947

*Price Daniel*

ATTORNEY GENERAL
OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG:LH:sl